UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK PIÑA,

                 Plaintiff,

        -against-

NEW YORK STATE GAMING
COMMISSION; JOHN A. CROTTY; SYLVIA
B. HAMER; PETER J. MARTIN J. MACK;
PETER J. MOSCHETTI, JR.; BRIAN
O'DWYER; MARISSA SHORENSTEIN;
JERRY SKURNIK,

                 Defendants.

24-CV-5383 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Court's federal question jurisdiction, invoking 42 U.S.C. § 1983, and federal civil and criminal statutes. By order dated August 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the amended complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in the amended complaint are the New York State Gaming Commission, and Commissioners John A. Crotty, Sylvia B. Hamer, Peter J. Martin J. Mack, Peter J. Moschetti, Jr., Brian O'Dwyer, Marissa Shorenstein, and Jerry Skurnik. The following facts are drawn from that pleading.

In early 2023 and throughout the summer of 2024; Plaintiff purchased "approximately 119 Lucky 7s $1.00 lottery scratch-off tickets from various local retailers in New York City," spending about $119 in total. (ECF 7 ¶ 8.) Each ticket "prominently displays the following. written instructions for how to win":

> . . . Get three "7" symbols in ANY row, column or diagonal and win prize shown.
> Get two "7" symbols and a "$$" symbol in ANY row, column or diagonal and
> PRIZE DOUBLES. Reveal a "Horse Shoe Symbol" symbol in the BONUS BOX,
> win PRIZE automatically!. . .

(*Id.* ¶ 9.)

According to Plaintiff, "several" of his tickets contained three winning "7 symbols in any row, column, or diagonal, which according to the instructions printed on the ticket's face, should constitute a winning combination entitling Plaintiff to the listed cash prize amounts." (*Id.* ¶ 10.) When Plaintiff attempted to claim his prizes, however, Defendants "willfully refused to honor the 'winning' tickets, 'claim[ing] the instructions were 'erroneous' and that three '7' symbols must be in a single row across, not across columns or diagonally, to win the cash prize." Plaintiff claims that the tickets "feature[] semantic errors on its face instructions that suggest a winning ticket from its combination, and yet this scheme, which is far different from the game's actual suggested and/or implied game rules." He asserts that Defendants have engaged in false advertising, deceptive marketing, and "unlawful state government fraudulent conduct under U.S. federal law" by "willfully misleading" consumers about the winning conditions of the "Lucky 7s" lottery tickets. (*Id.* ¶ 13.)

> Plaintiff further states that Defendants
>
> continue to sell misleadingly marketed" Lucky 7s tickets to the public with the same erroneous and misleading instructions, inducing consumers to purchase their lottery scratch off tickets based on the mistaken belief, that the combinations shown constitute winning combinations.

(*Id.* ¶ 13.)

Included in the attachments to the amended complaint are copies of the lottery tickets that Plaintiff claims were winning tickets; the back of each ticket contains the following language: "All tickets, transactions, and winners are subject to New York State Laws and New York Lottery Rules and Regulations." (*Id.* at 56-82.) Also attached is a letter that Plaintiff wrote to

Kent D. Vander Wal, the Senior Attorney of the Gaming Commission stating his reasons why he believed that he should have won the prize money, and Vander Wal's response to Plaintiff's letter. (Exhs. A, B. E.) Vander Wal's letter includes the following language:

> Regardless of how the play instructions on the tickets are interpreted, the back of each "LUCKY 7s" instant scratch-off ticket reads. "All tickets transactions and winners are subject to New York State Laws and New York Lottery Rules and Regulations." Instant scratch-off games are governed by 9 NYCRR Part 5006 of the Commission's regulations. To be a valid prize-winning scratch-off instant ticket, 9 NYCRR § 5006.8(q) of the Commission's regulations provides, "The validation number of an apparent winning ticket shall appear on the Commission's official list of validation numbers of winning tickets.·As the manufacturer of the "LUCKY 7s" instant game. SG has developed an official list that details the assigned outcome for all "LUCKY 7s" tickets. If a ticket's validation number does not correspond with a winning outcome on the official list, the ticket is not a winning ticket, regardless of how play instructions are interpreted. Had either of these tickets been a winning ticket, the winning ticket number would correspond with a prize amount on the Commission's official list of validation numbers for the "LUCKY 7s" Instant game. The validation numbers of tickets 177 and 188 do not appear on the Commission's official list of validation numbers as winning tickets, however. Therefore, the requirement in 9 NYCRR § 5006.S(q) is not satisfied for either ticket, and you are not entitled to, a prize on either ticket.

(*Id.*, Exh. B.)

Plaintiff invokes 42 U.S.C. § 1983, claiming that Defendants have deprived him of property without due process of law in violation of the Fourteenth Amendment, and also violated provisions of the Lanham Act, 15 U.S.C. § 1125; the Federal Trade Commission Act ("FTCA"); 15 U.S.C. § 45; the federal RICO statute, 18 U.S.C. §§ 1961-1968; and federal wire and mail fraud statutes, 18 U.S.C. §§ 1341, 1343. Plaintiff also asserts state-law claims of negligence, fraud, unjust enrichment, breach of contract, and engaging in deceptive acts and false advertising in violation of New York General Business Law §§ 349, 350. Plaintiff seeks declaratory and injunctive relief and money damages.

After Plaintiff filed an amended complaint, he also filed a letter, an affirmation of service, and a "motion in limine to admit evidence pursuant to Rule 401. (ECF 13-15.)

**DISCUSSION**

A.    **42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). For the reasons set forth below, Plaintiff's amended complaint fails to state a claim under Section 1983.

The Court construes the amended complaint as raising a due process claim under the Fourteenth Amendment. The constitutional requirement of procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012); *see also Victory v. Pataki,* 814 F.3d 47, 59 (2d Cir. 2016) (holding that the Due Process Clause "protects persons against deprivations of life, liberty, or property without due process of law, and 'those who seek to invoke its procedural protection must establish that one of these interests is at stake.'") (citation omitted).

"A 'unilateral expectation' is not sufficient to establish a constitutionally protected property right. Rather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (quoting *Regents of State Colls. v. Roth*, 408 U.S. 564, 576-77 (1972)); *Brown v. Rotenberg*, 268 F. Supp. 3d 445, 450 (W.D.N.Y. 2017) (holding that a plaintiff must demonstrate an interest "in a benefit that is more than an abstract need or desire" for it) (quoting *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 581 (2d Cir. 1989)) (internal citations omitted). Entitlement exists where "absent the alleged

denial of due process, there is either a certainty or a very strong likelihood that the [benefit] would have been granted." *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 59 (2d Cir. 1985).

The Constitution of the United States does not provide individuals with affirmative rights arising out of lotteries or other games that are protected by the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Husain v. Casino Control Comm'n*, No. 06-CV-4923, 2007 WL 2375034, at *4 (D.N.J. Aug. 14, 2007) ("This Court is not aware of any right secured by the Constitution or the laws of the United States to gamble, appeal a decision of the Commission inspector or fairness in the Commission investigation process.") *aff'd* No. 07-3636 (3d Cir. Feb. 20, 2008) (holding that "gambling is not a fundamental right" and affirming the "absence of a constitutionally protected interest" to challenge an allegation of cheating); *Zapata v. Quinn*, 564 F. Supp. 23, 24 (S.D.N.Y. 1982) (holding that "there is no property right implicated" in the plaintiff's challenge to the terms of the state lottery), *aff'd*, 707 F.2d 691 (2d Cir. 1983) (per curiam); *Simmons v. New York State Lottery Comm'n*, No. 87-CV-4209, 1988 WL 52219, at *1 (E.D.N.Y. May 10, 1988) ("As any gambler would attest to, plaintiff's ticket conferred far less than a legitimate expectation that he would win the lottery. He has therefore failed to show a property interest in the $5.9 million lottery pool.")

A property interest entitled to due process protection may "stem from state law[.]" *Bheemarao v. City of N.Y.*, 141 F. Supp. 2d 446, 448 (S.D.N.Y. 2001) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 -77 (1972). As indicated in attachments to Plaintiff's amended complaint, however, including the lottery tickets themselves and correspondence from the Gaming Commission, a lottery ticket customer "agrees to comply and abide by the provisions of the act and all rules and regulations of the commission and all procedures established by the commission for the conduct of the game," and "the determination of prize winners shall be

subject to the ticket validation requirements set forth in" the regulations. *See* 9 New York City Rules and Regulations § 5006.[1] The regulations are strictly construed and binding on lottery players, *Molina v. Games Mgt. Servs.*, 58 N.Y.2d 523, 529 (1983), and knowledge of the regulations is presumed. *Ramesar v. State of New York*, 224 A.D.2d 757, 759 (3d Dep't.), *lv denied* 88 N.Y.2d 811 (1996); *see also Consola v. State of New York,* 84 A.D.3d 1557, 1558 (3d Dep't 2011) (holding that "the regulations are strictly construed and are given the binding effect of the law unless they are found to be unreasonable.").

State courts have, accordingly, "recognized" their "limited power" to adjudicate disputes about lottery terms. *See, e.g.*, *Armato v. New York Daily News, Inc*., Nos. 05-CV-2381, 05-CV-3121, 05-CV-3358, 2006 WL 166481, at *1 (D.N.J. Jan. 23, 2006) (rejecting breach of contract claims, asserted under court's diversity of citizenship jurisdiction, arising out of a newspaper's printing of incorrect winning number in sweepstakes); *Ermolaou v. Flipside, Inc.,* No. 02-CV-3839 (GEL) 2004 WL 503758, at *4 (S.D.N.Y. Mar. 15, 2004) ("It is hornbook law that the rules of a contest constitute a contract offer and that the participant's entering the contest "constitute[s] an acceptance of that offer, including all of its terms and conditions.") (citations omitted); *Balgobin v State*, 90 N.Y.S.3d 675, 676, 2019 WL 80612, at *2 (3 Dep't 2019) (rejecting the claimant's "contention that any ambiguity in the instructions should be resolved in his favor"); *Craft v. Cap. Dist. Regional Off Track Betting Corp.,* 107 A.D.2d 952, 955 (3d Dep't 1985) (rejecting breach of contract claim because lottery "rules are binding notwithstanding erroneous information provided by defendant").

---

[1] In addition to the fact that attachments to the complaint reference these regulations, the Court may also take judicial notice of lottery rules, terms, and conditions. *See Mazzarino v. Mass. State Lottery Comm'n*, 616 F. Supp. 3d 118 (D. Mass. 2022).

Plaintiff's allegation that the information on the lottery tickets is intentionally misleading fails to demonstrate a due process violation because he does not possess a property interest in winning the lottery under the Constitution or under state law, and therefore he cannot claim that he was deprived of a constitutionally protected right without adequate process. The Court dismisses this claim for failure to state a claim on which relief may be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Lanham Act

Under the Lanham Act:

> [a]ny person who, on or in connection with any goods or services . . . uses in commerce . . . any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

In *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014), the Supreme Court discussed the class of persons whose interests "fall within the zone of interests protected by" the Lanham Act and concluded: "to come within the zone of interests in a suit for

---

[2] "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment" immunity. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Suits for prospective injunctive relief may proceed against individual officers in their official capacity. *Ex Parte Young*, 209 U.S. 123, 150-59 (1908) (Eleventh Amendment does not bar suits seeking prospective injunctive relief against state officials acting in violation of federal law). Any claims for money damages that Plaintiff is asserting against the New York State Gaming Commission and its commissioners are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." Consumers are "not under the Act's aegis." *Id.* at 132. The Supreme Court was clear that "a consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act." *Id.* In short, although the Lanham Act provides federal causes of action for unfair competition and false advertising, it does not provide consumers standing to sue. *See POM Wonderful LLC* v. *Coca-Cola Co.*, 573 U.S. 102, 107 (2014) (holding that the Lanham Act's cause of action is reserved "for competitors not consumers"); *Colligan v. Activities Club of N.Y., Ltd.,* 442 F.2d 686 (2d Cir. 1971); *White v. Wells Fargo Bank, N.A.*, No. 18-CV-1676, 2019 WL 3334533, at *3 (D. Conn. July 25, 2019) ("[T]o have standing for a [Lanham Act] false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury.") (quoting *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001)); *Crab House of Douglaston, Inc. v. Newsday, Inc.*, 418 F. Supp. 2d 193, 214 (E.D.N.Y. 2006) (dismissing claim under § 43(a) of the Lanham Act brought by consumers for lack of standing).

Here, Plaintiff does not allege that he suffered an injury to a commercial interest in sales or business reputation proximately caused by Defendants' misrepresentations, but rather seeks redress for injuries he suffered as a consumer. As Plaintiff is a consumer seeking to recover under the Lanham Act for allegedly false advertising on the part of Defendants, the amended complaint fails to state a claim under the Lanham Act, and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Federal Trade Commission Act ("FTCA")

Plaintiff invokes Section 5 of the FTCA, 15 U.S.C. § 45, however, the FTCA, which prohibits unfair or deceptive practices, does not provide for a private cause of action. *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 560 (S.D.N.Y. 2008) (citing 15 U.S.C.

§ 45(a)); *see also Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974)

("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal

Trade Commission. Nowhere does the Act bestow upon either competitors or consumers

standing to enforce its provisions."); *Fogel v. Metro. Life Ins. Co.*, 871 F. Supp. 571, 575

(E.D.N.Y. 1994) ("Only the commissioner may bring a complaint for violations of this section."

(citing *Federal Trade Commission v. Klesner*, 280 U.S. 19 (1929)), *aff'd*, 122 F.3d 1056 (2d Cir.

1995)).

Because Plaintiff lacks standing to invoke the FTCA, the Court dismisses this claim for

failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Racketeer Influenced and Corrupt Organizations Act ("RICO")**

Plaintiff asserts claims under the civil provision of RICO, which "creates a private right

of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317,

322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in

his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any

appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C.

§ 1964(c). In order to state a violation of Section 1962, and thus, a claim under the civil RICO

enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through

the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity'

(5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an

'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan

Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also

"allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'"

*Id.* (quoting § 1964(c) (italics in original)).

To state a claim of a civil RICO conspiracy under Section 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45. Racketeering activity is defined to include a wide variety of criminal offenses, such as wire fraud, mail fraud, commercial bribery, bank fraud, and money laundering. § 1961(1).

In addition, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to RICO claims predicated on fraud. *See McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992); *Scalercio-Isenberg v. Goldman Sachs Mortg. Co.*, No. 21-CV-4124 (KPF), 2022 WL 3227875, at *9 (S.D.N.Y. Aug. 9, 2022) (holding that "even when a plaintiff proceeds *pro se*, courts apply the Rule 9(b) pleading standard and dismiss complaints that do not meet its heightened requirements.") A plaintiff must "specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent[,] and plead those events which give rise to a strong inference that [each] defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Rev. v. Minci,* No. 21-CV-320 (AT) (JLC), 2022 WL 1910127, at *3 (S.D.N.Y. June 3, 20220) (quoting *Jus Punjabi, LLC v. Get Punjabi US, Inc.*, 640 F. App'x 56, 58 (2d Cir. 2016)) (quotation marks and citations omitted). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff does not allege facts that would support any claim under civil RICO, because he has not plausibly alleged that any defendant has engaged in a criminal offense. His assertion that Defendants committed mail fraud and wire fraud mail are unsupported by specific facts, and are thus vague and conclusory. In short, the amended complaint does not meet Rule 9's heightened pleading standard, and is therefore insufficient to suggest a violation of the RICO statute. The Court dismisses Plaintiff's claims under the civil RICO statute for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## E.    Federal Criminal Statutes

By invoking the federal wire and mail fraud statutes, 18 U.S.C. §§ 1341, 1343, Plaintiff may also be attempting to assert claims for violations of criminal law. There is no private right of action under these federal criminal statutes, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys or the Court to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims seeking criminal prosecution for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

## F.    Supplemental Jurisdiction

Plaintiff asserts claims under New York's General Business Law and asserts facts that could arguably give rise to other state-law claims. Under 28 U.S.C. § 1367(c)(3), district courts "may decline to exercise supplemental jurisdiction" of state law claims when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-*

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court is granting Plaintiff

leave to replead his claims, the Court will determine at a later stage whether to exercise its

supplemental jurisdiction of Plaintiff's state law claims.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and

in an abundance of caution, the Court grants Plaintiff 30 days' leave to file a second amended

complaint to detail his claims.

If Plaintiff does not file a second amended complaint within the time allowed, the Court

will direct the Clerk of Court to enter judgment in this action for failure to state a claim on which

relief may be granted.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead. The Court denies

without prejudice any outstanding motions, and the Clerk of Court is directed to terminate them.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See

Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    December 10, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*


-against-


_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

___ Civ. _____ (___)


**SECOND
AMENDED
COMPLAINT__**


Jury Trial:  ☐ Yes      ☐ No
(check one)

I.    **Parties in this complaint:**

A.    List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.    List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

Defendant  No. 1        Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2        Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3        Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4        Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                    ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

| Who else saw what happened? |

_____

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                              Signature of Plaintiff    _____

                              Mailing Address          _____

                                                       _____

                                                       _____

                              Telephone Number         _____

                              Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                              Signature of Plaintiff:   _____

                              Inmate Number           _____

*Rev. 12/2009*                              4